Robert K. Meyer, OSB #086470
Meyer Stephenson
1 SW Columbia Street, Suite 1850
Portland, OR 97258
Phone: (503) 459-4010
Fax: (503) 914-1461
Email: robert@robertmeyerlaw.com

Of Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| | Case No. |
| RUTH EWAN,<br><br>Plaintiff,<br><br>v.<br><br>WALMART INC.,<br><br>Defendant. | COMPLAINT<br><br>Unlawful Employment Practices in violation of TITLE I OF THE ADA (42 U.S.C. §12111, *et. seq.*); FMLA (29 U.S.C. § 2601 *et seq.*); ORS 659A.040; ORS 659A.043; ORS 659A.046; ORS 659A.112; ORS 659A.109; ORS 659A.118; ORS 659A.183; ORS 659A.199; ORS 653.641; and Common Law Wrongful Discharge<br><br>**DEMAND FOR JURY TRIAL** |

---

### Nature of the Action

1.

Plaintiff brings this action for monetary relief, damages, costs, punitive damages and attorneys' fees for herself to redress injuries done to her by Defendant or officers, employees or agents of Defendant in contravention of her rights under Title I of the Americans with Disabilities Act, 42 U.S.C. §12111, *et. seq.* (hereafter "ADA"), Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.* (hereafter "FMLA"), and her state protected rights under Oregon Revised Statutes 653.641, 659A.040, 659A.043, 659A.046, 659A.109, 659A.112, 659A.118,

659A.183, and 659A.199.  Plaintiff also alleges common law wrongful discharge in violation of public policy.

**Jurisdictional Allegations**

2.

This Court has jurisdiction over Plaintiff's federal claims under 29 U.S.C. § 2601 *et seq.* pursuant to 28 U.S.C. §§ 1331 and 42 U.S.C. §2000e-5(f)(3) as incorporated into the ADA by 42 U.S.C. §12117(a).  This Court also has supplemental jurisdiction over Plaintiff's state claims pursuant to 42 U.S.C. § 1367 as the state claims arise from the same nucleus of operative facts as the federal claims.  This Court also has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C §1332 as Plaintiff is a citizen of a different state than Defendant and the amount in controversy exceeds $75,000.

3.

Venue is proper within the District of Oregon, Portland Division, pursuant to 28 U.S.C. § 1391(b) because all or substantially all of Plaintiff's claims arose in this judicial district.

4.

Plaintiff filed timely claims with Oregon's Bureau of Labor and Industries ("BOLI") and the Equal Employment Opportunity Commission ("EEOC") raising the issues alleged herein.  BOLI and the EEOC have issued Plaintiff notices of right to sue in court.  Plaintiff has timely filed this matter within the time limits set forth in the notices of right to sue. Plaintiff has therefore exhausted administrative procedures.

**General Factual Allegations**

5.

Plaintiff is a resident of Rainier, Oregon, located in Columbia County.

6.

Defendant is a Delaware corporation with its principal place of business in Bentonville Arkansas.  On information and belief, Defendant was formerly known as Wal-Mart Stores, Inc. and changed its name with the Oregon Secretary of State to Walmart Inc.

7.

At all material times, Defendant was Plaintiff's employer, Plaintiff was supervised by Defendant's employees or agents, and Plaintiff relied on the actual or apparent authority of Defendant's employees, supervisors and management.

8.

Defendant was at all material times a company with 50 or more employees in Oregon within a 75-mile radius.

9.

On or about September 11, 2013, Defendant hired Plaintiff as a cashier at its Raleigh Hills location.

10.

On or about August 6, 2014, Defendant promoted Plaintiff to Customer Service Manager at its Neighborhood Market location on NW Cornell Road.  Prior to Plaintiff hurting herself at work, she had only received one "written coaching" in December of 2015, which was for not performing an audit of registers and was supposed to have expired in December of 2016.

11.

On or about September 10, 2017, Plaintiff injured her at work while pushing shopping carts from the parking lot into the store building.  The following day, Plaintiff notified her supervisor, Rilen Luna, that she had hurt her back while pushing carts the previous night and that she had not sought medical treatment because she believed the injury would heal itself in a few days if she stayed away from heavy lifting.

12.

On or about September 13, 2017, Plaintiff was still in extreme pain from the injury. She sought medical treatment from St. Helens Urgent Care.  Plaintiff's medical provider diagnosed her back injury as a lumbar sprain and placed on Plaintiff light-duty work restrictions.

13.

Plaintiff immediately notified Defendant's personnel manager Birgit Roberts that she had sought medical treatment and was placed on light-duty restrictions.

14.

On or about September 14, 2017, Plaintiff returned to work and Defendant placed her on modified duty.  Plaintiff made a workers' compensation claim for the lumbar strain she had suffered.

15.

On or about October 07, 2017, Plaintiff received notice that Sedgwick accepted her workers' compensation claim for a lumbar sprain.   Plaintiff's on-the-job injury is also a disability under the ADA and Oregon law as it substantially interfered with her ability to perform major life activities.

16.

At all relevant times, Defendant penalized stores where employees suffered workers' compensation claims by reducing bonuses for employees at those stores.  Defendant's policy of punishing stores for having workers' compensation claims incentivized Defendants' managers and supervisors to harass and retaliate against those who suffered on-the-job injuries.  Defendant's bonus policy has created a pattern and practice of workers' compensation discrimination/retaliation across the company.  Defendant's bonus policy also has a disparate impact on those employees who suffered an on-the-job injury, including Plaintiff.

17.

Plaintiff's on-the-job injury became known by other employees at her store, who resented her for her on-the-job injury affecting their bonuses.  Defendant subjected Plaintiff to a hostile work environment directed at her on-the-job injury/disability/perceived disability. For example, in about early December, 2017, Plaintiff's supervisor, Rilen Luna, muttered

while walking away from Plaintiff how nice bonuses would have been had there not been an accident, referring to Plaintiff's on-the-job injury.

18.

On or around December 01, 2017, Plaintiff's supervisor, Rilen Luna, called Plaintiff into his office for a verbal coaching.  Luna stated he had received a few complaints from other associates and customers regarding Plaintiff and questioned why Plaintiff struggled to get out to the floor on time. Plaintiff did acknowledge that she was probably moving a little slower with her back injury and because of the injury, she had to wait for other associates to help her with tasks such as moving packages that were more than five pounds. Plaintiff pointed out that she was being compared to employees who could move physically faster than her, as they were uninjured and did not have to wait for the assistance of others. In terms of the associate complaints, Plaintiff only knew about one cashier who was upset with her due to Plaintiff having to talk to that associate about job performance.  Plaintiff asked about other available positions in the store that could accommodate her work restrictions – Luna denied that Defendant had any available position.

19.

On or about December 14, 2017, Luna called Plaintiff into her office and issued Plaintiff a second written coaching for providing poor customer service.  Specifically, a customer had tried to get a replacement/refund for potatoes and the customer did not have a receipt, the wrapping, or the product.  Plaintiff told the customer that a replacement/refund under those circumstances was against store policy. Plaintiff's other supervisor, David Mack, stated that Plaintiff should have just replaced the product because even though she was being scammed, it was not worth the trouble. The second specific complaint during this written coaching alleged that Plaintiff had "lied" by informing a customer she could not refund a gift card unless the gift card amount was under $5 because it was against Walmart policy and the law.  Plaintiff was under the good faith reasonable belief that what the customer had asked her to do was against Walmart policy and unlawful.  Plaintiff provided Luna further information to support her good faith belief that providing the refund the customer had requested would

have violated the law.  Luna stated Plaintiff should have just broken the law because nobody checks on those sorts of things.

20.

On or about December 15, 2017, Plaintiff went to Luna's office and offered to show Luna the Walmart policy that stated gift cards were not allowed to be refunded over $5 due to law. Luna stated that he had already found the policy and law.  However, Luna insisted that Plaintiff could not have known the policy and law and that Plaintiff was making it up when she told the customer. Plaintiff told Luna that she did not lie to her customers and that she was aware of the policy and law due to a different customer a few years prior.  Despite Plaintiff's explanation to Luna, the written warning stood.

21.

After returning from vacation on or about December 30, 2017, Luna summoned Plaintiff to his office where he issued her a third written coaching allegedly based upon a customer complaint that Plaintiff failed to acknowledge a customer and instead was working on other things.  Plaintiff stated that she did not remember the incident but that she might not have seen the customer if she was checking on breaks and lunches or binning the site-to-store. Luna still issued the write-up.

22.

Between December 30, 2017 and January 18, 2018, Luna falsely accused Plaintiff of leaving the Customer Service Desk unmanned.  Plaintiff told Luna that she had not left the desk unmanned since Luna was manning it at the time she left.

23.

On or around January 18, 2018, Plaintiff was told to go to the personnel office as soon as she clocked in.  Roberts, Mack, and Luna were waiting for her when she arrived.  Luna told Plaintiff that he could no longer have Plaintiff work on the front end because of the customer complaints and because two associates had asked not to be scheduled on Plaintiff's shifts. Luna proceeded to falsely state that Plaintiff had turned down the opportunity to change positions. Plaintiff reminded Luna that he had previously told her she could not change

positions because she was unable to perform any other positions in the store. Luna then listed all of the positions in the store and eliminated the possibility of each position for each of her various medical restrictions. Luna then told Plaintiff that she was being terminated because there was no other job in the store that she could perform. Plaintiff was asked to sign her termination paperwork stating that she was being terminated due to the inability to perform job.

24.

On or about January 19, 2018, the Market Office Human Resources Manager, Rachel Coker, called Plaintiff. Plaintiff explained to Coker that she was being terminated due to an on-the-job injury. Coker exchanged several voicemails with Plaintiff but approximately a month later, Coker thanked Plaintiff for bringing the issue to her attention but felt that the termination was justified.

25.

At or about January 22, 2018, Plaintiff received a call from ATI Physical Therapy notifying her that they had been notified that Plaintiff was no longer authorized for treatment.

26.

On or about January 23, 2018, Plaintiff received a letter from Defendant dated January 19, 2018, stating Plaintiff had been terminated for job performance and had she not already been terminated for job performance, Plaintiff would have been offered a part-time position at $1.45 an hour less than what Plaintiff was making in her previous full-time position.

**First Claim For Relief**

**ORS 659A.040 – Workers' Compensation Discrimination/Retaliation**

27.

Plaintiff realleges paragraphs 1 through 26.

28.

Plaintiff engaged in various protected activity under ORS 659A.040, including reporting an on-the-job injury to Defendant, obtaining treatment for an on-the-job injury, filing a workers' compensation claim, and raising good faith concerns of workers'

compensation retaliation to Defendant.

29.

Plaintiff invoking workers' compensation rights was a substantial factor in Defendant's decision to take adverse actions against Plaintiff, including its decision to terminate Plaintiff. Defendant's actions constitute injured worker discrimination/retaliation in violation of ORS 659A.040.

30.

Additionally, as a separate basis for liability, Defendant subjected Plaintiff to a hostile work environment directed at her because she made a workers' compensation claim.

31.

As a result of Defendant's unlawful conduct, Plaintiff has incurred and continues to incur lost wages and benefits in an amount to be proven at trial. Plaintiff will continue to lose income and benefits in the future.

32.

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer mental stress, humiliation, inconvenience and loss of enjoyment of life all to her non-pecuniary loss in an amount to be determined at trial.

33.

Defendant's conduct was willful, malicious and/or done with reckless indifference to Plaintiff's federally protected rights. Moreover, Defendant's bonus policy recklessly violates the civil rights of injured workers under Oregon law. Defendant should be assessed punitive damages pursuant in an amount to be determined at trial.

34.

Plaintiff also seeks injunctive relief prohibiting Defendant from discriminating or retaliating against employees due to an on-the-job injury or disability and/or for invoking the workers' compensation system. Plaintiff seeks an injunction prohibiting Defendant from reducing the bonus pool at its stores because of on-the-job injuries.

35.

Plaintiff is entitled to recover her costs and attorneys' fees pursuant to ORS 659A.885 and ORS 20.107.

## Second Claim For Relief

## ADA – Disability/Perceived Disability Discrimination

36.

Plaintiff realleges paragraphs 1 through 35.

37.

As set forth above, at all material times, Plaintiff had a disability covered by the ADA. Despite her disability, Plaintiff could perform the essential functions of the position with or without accommodation.

38.

As set forth above, Defendant knew about Plaintiff's disability at all relevant times.

39.

Alternatively, as set forth above, Defendant perceived Plaintiff to be disabled and/or Plaintiff had a record of such disability.

40.

Defendant's termination of Plaintiff was substantially motivated by her disability/perceived disability and constitutes unlawful disability discrimination in violation of the ADA.

41.

Additionally, as a separate basis for liability, Defendant subjected Plaintiff to a hostile work environment directed at her disability/perceived disability.

42.

As a result of Defendant's unlawful conduct, Plaintiff has incurred and continues to incur lost wages and benefits in an amount to be proven at trial. Plaintiff will continue to lose income and benefits in the future.

43.

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and

will continue to suffer mental stress, humiliation, inconvenience and loss of enjoyment of life all to her non-pecuniary loss in an amount to be determined at trial.

44.

Defendant's conduct was willful, malicious and/or done with reckless indifference to Plaintiff's federally protected rights.  Defendant should be assessed punitive damages pursuant to 42 USC §1981(b)(1) in an amount to be determined at trial.

45.

Plaintiff is entitled to recover her costs and attorneys' fees pursuant to 42 U.S.C. §1988 and 42 U.S.C. §2000e-5(k) as incorporated into the ADA by 42 U.S.C. §12117(a).

### Third Claim For Relief

### ORS 659A.112 – Disability/Perceived Disability Discrimination

46.

Plaintiff realleges paragraphs 1 through 45.

47.

During her employment, Plaintiff was a qualified person with a disability as defined by ORS 659A.104.  Despite her disability, Plaintiff could perform the essential functions of the position with or without accommodation.

48.

Defendant knew about Plaintiff's disability at all material times.

49.

Alternatively, Defendant perceived Plaintiff to be disabled and/or Plaintiff had a record of such disability.

50.

Defendant took adverse employment actions against Plaintiff in violation of her state-protected rights, including terminating, failing to re-employ, and failing to reinstate/assign Plaintiff further work.

51.

Defendant's adverse actions taken against Plaintiff were substantially motivated by her

disability/perceived disability and constitute unlawful disability discrimination in violation of ORS 659A.112.  Furthermore, Defendant failed to engage in the interactive process and failed to offer reasonable accommodation in violation of 659A.112.

52.

Plaintiff re-alleges her damages, injunctive relief, costs, and attorneys' fees as stated in the paragraphs above.

### Fourth Claim For Relief

### ORS 659A.109 – Disability/Perceived Disability Retaliation

53.

Plaintiff realleges paragraphs 1 through 52.

54.

Plaintiff engaged in protected activity under 659A.109, including but not limited to requesting a reasonable accommodation of her medical condition.

55.

Defendant retaliated against Plaintiff in violation of 659A.109.  Defendant took adverse employment actions against Plaintiff in violation of her state-protected rights, including by terminating, failing to reinstate and/or assign Plaintiff further work.

56.

Plaintiff re-alleges her damages, injunctive relief, costs, and attorneys' fees as stated in the paragraphs above.

### Fifth Claim For Relief

### ORS 659A.112 and 659A.118 – Failure to Accommodate

57.

Plaintiff realleges paragraphs 1 through 56.

58.

Defendant engaged in an unlawful employment practice by failing to engage in the interactive process and/or failing to make reasonable accommodation for Plaintiff's disability in violation of ORS 659A.112 and ORS 659A.118, resulting in Plaintiff losing income and

suffering emotional distress.

59.

Plaintiff re-alleges her damages, injunctive relief, costs, and attorneys' fees as stated in the paragraphs above.

**Sixth Claim For Relief**

**ORS 659A.043 & 659A.046 – Failure to Reinstate/Reemploy an Injured Worker**

60.

Plaintiff realleges paragraphs 1 through 59 above as fully set forth herein.

61.

Defendant engaged in an unlawful employment practice by failing to reinstate and/or reemploy Plaintiff in violation 659A.043 and 659A.046.

62.

Plaintiff re-alleges her damages, injunctive relief, costs, and attorneys' fees as stated in the paragraphs above.

**Seventh Claim For Relief**

**FMLA Leave Denial/Interference/Retaliation**

63.

Plaintiff realleges paragraphs 1 through 62.

64.

At all material times, Plaintiff had been employed by Defendant for 12 months and had performed at least 1,250 hours of service for Defendant during the preceding 12-month period.

65.

At all material times, Plaintiff suffered from a serious health condition.

66.

Plaintiff utilized leave that was protected leave under FMLA.

67.

As set forth above, Defendant denied, interfered with, discriminated and/or retaliated

against Plaintiff for utilizing and/or attempting to utilize protected medical leave by taking adverse employment actions against Plaintiff, including, but not limited to, terminating Plaintiff.

68.

In perpetrating the above actions, Defendant violated 29 U.S.C. § 2601 *et seq.* causing Plaintiff to suffer damages.

69.

As a result of Defendant's unlawful conduct, Plaintiff has incurred and continues to incur lost wages and benefits in an amount to be proven at trial.  Plaintiff will continue to lose income and benefits in the future.

70.

In perpetrating the above actions, Defendant acted willfully and/or with knowledge that its actions were in violation of FMLA or with reckless disregard of whether it was violating FMLA.  As such, Plaintiff is entitled to liquidated damages for Defendant's violation of her FMLA rights in an amount equal to the sum of Plaintiff's lost wages and benefits, plus prejudgment interest thereon pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii).

71.

Plaintiff is entitled to recover her costs and attorney's fees pursuant to 29 U.S.C. § 2617(a)(3).

**Eighth Claim For Relief**

**ORS 659A.183 – OFLA Interference, Discrimination, or Retaliation**

72.

Plaintiff realleges paragraphs 1 through 71.

73.

At all material times, Plaintiff suffered from a serious health condition.

74.

Plaintiff invoked her need for, utilized and/or attempted to utilize leave that was protected leave under Oregon law.

75.

As set forth above, Defendant denied, interfered with, discriminated and/or retaliated against Plaintiff for invoking, utilizing and/or attempting to utilize protected medical leave by taking adverse employment actions against Plaintiff.

76.

Plaintiff re-alleges her damages, injunctive relief, costs, and attorneys' fees as stated in the paragraphs above.

**Ninth Claim For Relief**

**ORS 659A.199 – Retaliation for Reporting or Opposing Unlawful Conduct**

77.

Plaintiff realleges paragraphs 1 through 76.

78.

Plaintiff engaged in activity protected by ORS 659A.199 in that she reported/opposed what she believed in good faith to be unlawful conduct.

79.

Defendant disciplined Plaintiff for engaging in protected activity.  Moreover, Plaintiff's protected activity was a substantial factor in Defendant's decision to terminate Plaintiff.

80.

As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has incurred and continues to incur lost wages and benefits in an amount to be proven at trial. Plaintiff will continue to lose income and benefits in the future.

81.

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer mental stress, humiliation, inconvenience and loss of enjoyment of life all to her non-pecuniary loss in an amount to be determined at trial.

82.

In retaliating against Plaintiff, Defendant's recklessly disregarded Plaintiff's rights. Therefore, Defendant should be assessed punitive damages in an amount to be determined by a jury to be sufficient to deter such conduct in the future.

83.

Plaintiff is entitled to recover her costs and attorneys' fees pursuant to ORS 659A.885 and ORS 20.107.

### Tenth Claim For Relief
### Wrongful Discharge in Violation of Public Policy

84.

Plaintiff realleges paragraphs 1 through 83.

85.

At all material times, the public policy of Oregon prohibited an employer from retaliating against an employee for inquiring about and/or invoking her rights and/or utilizing and/or attempting to utilize the protected medical leave. This public policy is embodied in the common law, statutes, and regulations of the State of Oregon and the United States protecting the public and employees including, but not limited to: ORS 659A.199; ORS 659A.183; OAR 839-009-0200 *et seq*.; 29 U.S.C. §2601, *et seq*.; and *Yeager v. Providence Health System Oregon*, 195 Or App 134 (2004).

86.

Defendant, through its agents and/or employees, violated the above public policies by denying, failing to provide, interfering with, discriminating and retaliating against Plaintiff for inquiring about and/or invoking her rights and/or utilizing and/or attempting to utilize protected medical leave. The discharge was unlawful and in violation of the public policy of the State of Oregon.

87.

Defendant's discharge of Plaintiff was in retaliation for Plaintiff's pursuit and exercise of Plaintiff's rights related to Plaintiff's role as an employee, which rights are of important public interest.

88.

Plaintiff re-alleges her damages, injunctive relief, costs, and attorneys' fees as stated in the paragraphs above.

**Prayer for Relief**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For permanent injunctive relief enjoining Defendant, its officers, employees and agents from engaging in any disability or injured worker discrimination or retaliation, including but not limited to enjoining Defendant from any bonus policy that penalizes stores and/or injured workers for workers' compensation claim(s).

2. Economic damages and future losses to be determined at trial;

3. Non-economic damages to be determined at trial;

4. Liquidated damages in an amount equal to Plaintiff's lost wages and benefits to be determined at trial;

5. Punitive damages in an amount to be determined at trial;

6. Reasonable costs and attorneys' fees; and

7. For such other and further relief as the Court may deem just and equitable.


DATED this 8th day of October, 2018.


s/ Robert Meyer
Robert K. Meyer, OSB #086470
Of Attorneys for Plaintiff